United States District Court
Southern District of Texas
ENTERED

MAR 03 2000

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODOLFO BARRERA | § | |
| | § | |
| V. | § | C.A. NO. C-00-54 |
| | § | |
| DR. KIMBALL, ET AL. | § | |

## ORDER FOR SERVICE OF PROCESS

With respect to the above-styled cause of action, it is ordered:

1.  The Clerk of the Court shall issue summons and the U.S. Marshal shall serve copies of the complaint (Instrument #1) and this order to Andy Taylor, First Assistant Attorney General. It is further ordered that the Office of the Attorney General of the State of Texas, pursuant to its policy, will either obtain authority to represent the following Defendants within forty-five (45) days after receipt of this Order or file within the same time period with this Court a statement of the address of the defendant executed by an authorized agent of the Texas Department of Criminal Justice, Institutional Division: **Dr. Kimball, Dr. Hash, and Dr. John Doe.** Defendants Hash and Kimball are alleged to have worked for the Texas Department of Criminal Justice - Institutional Division, at the Garza West Unit in Beeville, Texas. Dr. John Doe was plaintiff's treating physician and John Sealy Hospital in Galveston, Texas. The affidavit may be filed ex parte and sealed subject to a motion to unseal for good cause by Plaintiff.

2.  Defendants shall file their answer within forty-five (45) days of receipt of the complaint. In their answer, Defendants shall respond separately to each and every factual and legal allegation in Plaintiff's complaint. In their answer or in a separate pleading, defendants shall state whether all defendants consent to the jurisdiction of a United States Magistrate Judge, or whether all defendants do not consent. The court shall not be told which defendant does not

consent. The parties shall file dispositive motions, including motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, within one hundred twenty (120) days after the date that Defendants' answers are due. Defendants shall submit, with a business records affidavit, copies of any documents relevant to Plaintiff's claims and Defendants' defenses, including copies of any written TDCJ-ID rules or written unit rules relevant to the alleged events forming the basis of this lawsuit. If the parties fail to file any motions for dismissal and/or summary judgment within the one hundred twenty (120) day time limit, a scheduling order will be entered setting trial and final pretrial conference dates. Defendants and Plaintiff will each be required to file pretrial orders at docket call.

The responsive party shall respond to dispositive motions within thirty (30) days of the date shown on the certificate of service of the dispositive motion. Failure to timely respond to dispositive motions will, if appropriate, result in granting of judgment in favor of the moving party.

3. It is further ordered that each party shall serve the other party or counsel for the other party with a copy of every pleading, motion, or other paper submitted to the Court for consideration. Service shall be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court shall be signed by at least one attorney of record in his individual name, whose address shall be stated, or if the party is proceeding pro se, by said party, with address likewise stated. In the case of the pro se party, only signature by the pro se party will be accepted. If a layman signs a pleading, motion, or other document on behalf of the pro se party, it will not be considered by the Court.

Furthermore, every pleading, motion, or other document shall include on the original a signed certificate stating that the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed. Failure to mail a copy thereof as certified by the certificate will subject that party to sanctions by the Court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, monetary sanctions, striking of affirmative defenses, or dismissal for want of prosecution.

4. There will be no direct communication with the United States District Judge or Magistrate Judge. Communications must be submitted to the Clerk of the Court with copies to the other party. See Rules 5(a) and 11 of the Federal Rules of Civil Procedure.

ORDERED this 2 day of March, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE