IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODOLFO BARRERA | § § | |
| v. | § § | C.A. NO. 00-54 |
| DR. KIMBALL, ET AL. | § § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the T.L.Roach, Jr. Unit in Childress, Texas. Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C § 1983, alleging constitutional violations.

Plaintiff has filed a motion requesting appointment of counsel (D.E. 11). In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Furthermore, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 352 (1996). It is within the Court's discretion to appoint counsel, 28 U.S.C. § 1915(e)(1), unless the case presents "exceptional circumstances," thus requiring the appointment. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. <u>Jackson v. Dallas Police Dep't</u>, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. <u>Id.</u> Plaintiff claims that prison employees were deliberately indifferent to his medical needs in treating his hernia. Upon reviewing plaintiff's complaint, the Court finds that the issues in this case are not so complex as to require the appointment of counsel.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. <u>Id.</u> Plaintiff has filed his own motions up to this point, which have been satisfactory. His case concerns his own medical complaints and treatment, events to which plaintiff was a witness. The Court finds that plaintiff is able to adequately investigate and present his own case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. <u>Id.</u> The Court has just recently ordered service on the defendants in this case. The defendants have not had the opportunity to answer, nor has the Court set a scheduling order. A ruling on this factor would therefore be premature.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.

The Court finds that at this time no "extraordinary circumstances" exist to warrant the appointment of counsel. Accordingly, plaintiff's motion for appointment of counsel (D.E. 11) is

denied without prejudice. The Court will *sua sponte* reconsider its ruling as this case progresses and/or when deemed necessary to move this case toward final disposition.

ORDERED this 28 day of March, 2000.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

3